IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIN LEE MATKOSKEY, : | |
|     Plaintiff, : | |
| v. : | Case No. 3:19-cv-66-KAP |
| SOMERSET COUNTY, *et al.* : | |
|     Defendants : | |

<u>Memorandum Order</u>

    This is a consent case under 28 U.S.C.§ 636(c)(1). The plaintiff has filed a *pro se* amended complaint, ECF no. 20, naming as defendants various persons involved in enforcing a child support order against plaintiff who are employed by the Domestic Relations Section, the Sheriff's Office, or the Courts of Common Pleas of Somerset County or Franklin County. The defendants have filed motions to dismiss at ECF no. 21 and ECF no. 23. Also applicable to this case is 28 U.S.C.§ 1915A, which commands that:

    (a)   Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)   Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

    Plaintiff alleges facts and asserts principles of law without clearly differentiating between them. For purposes of evaluating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) plaintiff's plausible allegations of fact are taken to be true, but any party's claim about what the law is or what a law requires is entitled to no deference.

    So understood, the plaintiff alleges the following:

    There are two important sets of defendants. One set consists of judges of the Court of Common Pleas of Franklin County and the Court of Common Pleas of Somerset County, the Somerset County Commissioners, and the heads of the Domestic Relations Sections of Franklin County and Somerset County, who are "acting under" an agreement providing that the DRS of Franklin County (or Somerset County) will be the agency administering child support provisions of Title IV-D of the Social Security Act, as amended. Amended Complaint Section IV ¶2, ¶6. Attachment E to that Agreement, entitled General Terms and Conditions, looks like a 26-page

template for contracts to be entered into between the Commonwealth of Pennsylvania and providers of goods and services. Plaintiff asserts that Attachment E waives any defendant's defense derived from the Commonwealth's immunity under the Eleventh Amendment. Amended Complaint Section IV ¶1.  The other significant set of defendants is three sheriff's deputies (Mark Hogan, Joe Goss, Dusty Weir) employed by the Somerset County Sheriff's Department. Amended Complaint Section IV ¶7.

Plaintiff is the biological father of a child who is the subject of support proceedings in Somerset County. For some reason not alleged in the complaint, Judge Herman of the court of Common Pleas of Franklin County was assigned to hear matters in connection with those proceedings in Somerset County. Plaintiff asserts that Judge Herman cannot hear such matters because that results in the payment of unlawful emoluments to him. Amended Complaint Section IV ¶5.

Beginning in April 2015 various employees of Somerset County, its Court of Common Pleas, or its DRS, have taken steps to establish and enforce support orders against plaintiff. Amended Complaint Section IV ¶8 - ¶16. Plaintiff refused to acknowledge paternity but genetic testing established plaintiff's paternity. Amended Complaint Section VI ¶1. In the course of the proceedings that resulted in the entry of a support order against plaintiff in July 2015, plaintiff alleges that (1) no one told him what the legal consequences of paternity were; (2) defendant Wagner (head of DRS) sent a notice to plaintiff requiring him to produce certain information or documents: and (3) Judge Geary of the Court of Common Pleas of Somerset County signed the support order "without the benefit of a judicial hearing." Amended Complaint Section IV ¶8 - ¶16.

In July 2015, the Somerset County DRS issued a notice of wage attachment to plaintiff's employer. The employer complied with the notice of wage attachment. Plaintiff asserts that this places him "in a condition of involuntary servitude and peonage." Amended Complaint Section IV ¶15.  The support order and wage attachments in support thereof have continued despite plaintiff's requests for termination. Amended Complaint Section IV ¶19, ¶37 - ¶38, ¶40 - ¶44. Plaintiff asserts that this deprives him of his rights under color of law. Amended Complaint Section IV ¶18.

Plaintiff has had several hearings in connection with support proceedings at which Judge Herman presided. Plaintiff asserts that in so doing, Judge Herman was acting in the capacity of a "master" for Somerset County DRS. Amended Complaint Section IV ¶20 (hearing on September 18, 2015). Plaintiff asserts that wage attachments issued in connection with one of these hearings caused him to resign from his employment, Amended Complaint Section IV ¶21, after which the wage attachment was issued against his unemployment benefits. Amended Complaint Section IV ¶23. In June 2017, Judge Herman presided over a contempt proceeding

2

against plaintiff, after which he ordered plaintiff to seek work or face the suspension of his driver's license or even incarceration. Amended Complaint Section IV ¶28.

In April 2016 and subsequently, plaintiff had requested his legal obligations be adjudicated in a jury trial, but his request was uniformly denied. Amended Complaint Section IV ¶24.

On February 26, 2018, Judge Herman presided over another contempt hearing, after which he found plaintiff in contempt and ordered him to be incarcerated unless he made a payment of $2000 against arrears. Defendants Hogan, Goss, and Weir took plaintiff into custody, injuring him by their excessive use force in the process. Amended Complaint Section IV ¶32. Plaintiff was released five hours later upon payment of the $2000. Amended Complaint Section IV ¶33. Plaintiff suffers from continuing injuries caused by the excessive use of force. Amended Complaint Section IV ¶36.

In March 2018, DRS took steps that resulted in the Department of Transportation suspending plaintiff's license. Amended Complaint Section IV ¶35.

On April 26, 2019, Judge Herman presided over another contempt proceeding over plaintiff's objections, after which on May 2, 2019, he ordered plaintiff to be incarcerated for contempt unless he paid $8400 against arrearages. Plaintiff had sent notice to the Somerset County commissioners earlier in April 2019 that plaintiff believed the proceedings against him to be unlawful, Amended Complaint Section IV ¶42, ¶51, and apparently plaintiff informed Judge Herman of this as well and then left the contempt proceedings on April 26, 2019. Amended Complaint Section IV ¶43-¶44. Judge Herman went on with the hearing that resulted in the above-mentioned order after plaintiff's departure; a further result of the hearing was the issuance of a warrant for plaintiff's arrest, which was reported (with a photograph of plaintiff) by the local newspaper. Defendants Weir and another deputy named Pritts arrested plaintiff on May 6, 2019 without presenting the warrant to plaintiff or disclosing "any rights," and took plaintiff to the Somerset County Prison, where plaintiff remained for 64 days until he agreed to obtain wage-attachable employment. Amended Complaint Section IV ¶48 - ¶50.

In addition to the various proceedings in Somerset County, DRS has allegedly reported the support proceedings to credit reporting agencies, and that has negatively affected plaintiff's credit rating. Amended Complaint Section IV ¶47.

Plaintiff asserts that the above allegations give rise to eleven counts for violations of various rights. Amended Complaint Section V - Section XV.  He gives titles to the sections outlining his claims but he includes several claims in each count and the titles he uses do not always match up with contents of the paragraphs, so it is easier to list his claims in the first two

3

counts sequentially. First, plaintiff claims that support proceedings, because they are accomplished without a right to jury trial, violate the Seventh Amendment's guarantee of a jury trial in matters with a value of more than $20. Second, he claims that defendants' failure to tell him in advance of the legal obligations of paternity deprived him of due process. Third, defendants violated 42 U.S.C.§ 1301(d). Fourth, plaintiff claims that an unnamed judge (presumably Geary, Cascio, or Herman) was legally pretending to be a judge and this denied him due process. Fourth, plaintiff returns to the theme of his second claim and assets that the failure to disclose the legal consequences of acknowledging paternity (although plaintiff alleged his paternity was established by genetic testing) before the establishment of paternity constituted a due process violation. Fifth, Judge Herman's February 28, 2018 finding that plaintiff was in contempt was wrong. Sixth, Judge Herman's April 26, 2019 hearing and subsequent finding that plaintiff was in contempt was wrong. Seventh, plaintiff was "forced to be a participant in a social program against his will and without benefit to him." Amended Complaint Section VI ¶10.

In Count Three plaintiff returns to the theme of his fourth claim and asserts that Judge Herman's participation in the child support process constitutes a fraud on the court.  Count Four repeats the theme of the seventh claim, this time phrased as a claim that child support proceedings constituted "fraudulent inducement" for him to enter a "personal responsibility contract." Amended Complaint Section IIX [sic]. Count Five claims plaintiff was a victim of fraud because defendants falsely represented that child support proceedings benefit children when in fact they only "benefit the state treasury." Amended Complaint Section IX.

Count Six can best be described as a mail fraud claim. Plaintiff alleges that defendants misrepresent the nature of child support proceedings in mailings and other dissemination of information. This allegedly violates 15 U.S.C.§ 52.  Count Seven allege that the defendants compelled him to disclose his social security number at various points in the course of support proceedings in violating of 42 U.S.C.§ 408.

Count Eight, returning yet again to the seventh claim in the first two counts, claims that defendants held him in peonage by threatening him with sanctions for failure to pay child support.  Count Nine also repeats the allegations of fact related to the contempt proceedings on February 26, 2018 and claims that plaintiff was subject to false arrest (although plaintiff acknowledges that Judge Herman ordered him arrested) and imprisonment. Plaintiff also claims that he suffered bodily injury when defendants Weir, Hogan, and Goss used excessive force against him during their arrest of plaintiff.

Count Ten parallels Count Nine, alleging that his arrest and incarceration after the contempt hearing of April 26, 2019 constituted false arrest and imprisonment. Although in the body of the complaint plaintiff acknowledged that Judge Herman ordered the issuance of a warrant, here plaintiff claims his arrest was accomplished without a "lawful" warrant. Amended

Complaint Section XIV.   Plaintiff adds that Judge Herman ordered his arrest "in retaliation" for plaintiff's filing of the original complaint in this matter.

Finally, Count Eleven is titled "Unequal Protection of the Law." No equal protection claim is attempted, however: plaintiff's claim here is that defendants and particularly defendant Blough have refused to terminate support proceedings against plaintiff, even though plaintiff has repeatedly told them that the proceedings violate his rights.

As far as remedies go, plaintiff seeks the return of all child support payments he has made, a termination of his obligation to pay child support, letters to credit bureaus to repair his credit, an apology, and compensatory and punitive damages.

To begin the analysis with the simplest issue: plaintiff has no immunity from the law on the grounds that he does not consent to it. Specifically, plaintiff has no immunity from state proceedings compelling him to pay support for his biological child. No matter how many times plaintiff repeats it, and even if plaintiff sincerely believes his support of his biological child is voluntary, child support is not voluntary, and plaintiff has no "Right to not to associate" with the defendant public employees who administer the Commonwealth's child support program. (The quote by plaintiff is from Amended Complaint Section XVI.)  Nor is there some Seventh Amendment right to a jury trial at any step of the way, much less at every step of the way as plaintiff implies. Even if the Seventh Amendment had been incorporated into the Fourteenth Amendment, the actions "at common law" for which the right to a jury trial would attach do not extend to child support proceedings. The common law courts would not have adjudicated child support actions at the time the Seventh Amendment was ratified because the matter would have been the responsibility of the ecclesiastical courts where they still existed, and where the matter was handled civilly, the matter would have been considered an equitable one.  Plaintiff would have a Sixth Amendment right to a jury trial if criminal proceedings were brought against him, of course, *see* Hicks on Behalf of Feiock v. Feiock, 485 U.S. 624, 637 (1988), but the Sixth Amendment does not apply to plaintiff's claims relating to Judge Herman's civil contempt orders. Additionally, any violation of a plaintiff's Sixth Amendment rights in a criminal proceeding could not be remedied by a damages action in federal court due to absolute judicial immunity, and no other defendant named has the power to conduct a criminal trial.

Turning to the vast bulk of plaintiff's claims, he repeatedly asserts that defendants have violated various provisions of the laws creating the child support system.  This asserted "violation" consists only in defendants attempting to enforce a child support order which plaintiff does not consent to.  If however plaintiff could allege some other defect, to state a legal claim under Fed.R.Civ.P. 8 it is not adequate to allege a set of facts, cite a provision of law, and then assert that this set of facts "shows" a violation of the cited provision of law. As the Supreme Court discussed in Blessing v. Freestone, 520 U.S. 329 (1997)(Title IV-D of the Social Security

5

Act does not give individuals private cause of action to force state agency to substantially comply with federal law), and reiterated in Gonzaga University v. Doe, 536 U.S. 273 (2002)(Family Educational Rights and Privacy Act's nondisclosure provisions created no private right of action that student could enforce against university) and City of Rancho Palos Verdes v. Abrams, 544 U.S. 113 (2005)(Telecommunications Act's limitations on local zoning authority created no private right of action), the enforcement of law is sometimes committed exclusively to public authorities, and even when individual rights exist, the remedy for the violation is often limited to a specific remedial process that does not include lawsuits. Plaintiff must invoke some law that gives him the right to bring suit in this court. He does not show that he has a private right to enforce 15 U.S.C.§ 52 or 42 U.S.C.§ 408, or any provision of Title IV-D.

Three factors to consider are 1) whether the provision that plaintiff claims to rely on was intended to benefit the litigant; 2) whether the alleged right is clear enough that enforcement would not strain judicial competence; and 3) whether the provision imposes a binding obligation. Assuming that those factors support petitioner, the next inquiry is whether the provision unambiguously confers a substantive right. See Health Science Funding, LLC v. The New Jersey Department of Health and Human Services, 658 Fed.Appx. 139, 142 (3d Cir.2016)(Medicaid Act's provisions governing drug reimbursements did not create private right of action for drug manufacturer). There is no controversy here that would strain judicial competence, but plaintiff does not identify any provision of law intended to benefit him. Nor does he point to a provision of law that confers on defendants in a child support proceeding any legal right to sue in federal court the persons involved in establishing or enforcing child support orders.

Settled law is to the contrary. Plaintiff had and has the legal right to appeal -within the established framework of Pennsylvania law- from child support orders and from civil (and criminal) contempt proceedings. See Wetzel v. Suchanek, 541 A.2d 761 (Pa. Super. 1988)(reversing civil contempt order).  In such cases, the Supreme Court has positively commanded lower federal courts to abstain from interference. See Juidice v. Vail, 430 U.S. 327, 335 (1977). So has the Court of Appeals. Dixon v. Kuhn, 257 Fed.Appx. 553, 555 (3d Cir. 2007)(abstention proper when (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity to present federal claims in those proceedings.

One matter remains. At this stage of the proceedings, plaintiff has adequately alleged that defendants Weir, Hogan, and Goss violated the Fourth Amendment when they injured him on February 26, 2018. Those defendants should file an answer to that claim within twenty days of today's date. As for that claim the pretrial schedule is as follows:

1. Any motion other than those mentioned in ¶2 and ¶3 below shall be accompanied by a memorandum of law and responded to within twenty days.

2. Discovery (fact discovery) shall be completed by June 1, 2022. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent order to the contrary, the filing of discovery motions shall not stay discovery. A post-discovery status conference will be scheduled as requested by counsel.

3. Motions for summary judgment shall be filed on or before August 1, 2022. Motions shall be responded to by the opposing party within thirty days.

4. The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided.

5. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before September 1, 2022, and defendants' pretrial statements shall be filed on or before October 1, 2022.

All other claims and other defendants are dismissed from this action without further leave to amend.

DATE: February 7, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Darin Lee Matkoskey
P.O. Box 32
Acosta, PA 15520