IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARIN LEE MATKOSKEY, :
    Plaintiff, :
  v. : Case No. 3:19-cv-66-KAP
SOMERSET COUNTY, *et al.* :
    Defendants :

### Memorandum Order

I thought that all parties had consented to my jurisdiction under 28 U.S.C.§ 636(c)(1), but upon review it appears that the AOPC-represented defendants never returned a completed form. In Burton v. Schamp, No. 18-1174, 2022 WL 322883 (3d Cir. Feb. 3, 2022), the Court of Appeals held that in cases where consent to Magistrate Judge jurisdiction is incomplete, the appropriate procedure is for the Magistrate Judge to issue a report and recommendation to the District Court which is vested with the authority to dismiss the parties and enter final judgment in the matter.

As to the defendants represented by the AOPC, the Memorandum Order filed yesterday must be considered a Report and Recommendation. The Clerk shall assign this matter to an Article III judge under the normal procedure for nonconsent cases, with the reference back to me, to consider whether the defendants represented by the AOPC should be dismissed from this matter. As to the consenting plaintiff's claims against the consenting defendants, yesterday's order is not affected, and the matter will continue as a consent case.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections to the dismissal of the defendants represented by the AOPC. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: February 8, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Darin Lee Matkoskey
P.O. Box 32
Acosta, PA 15520

1