IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIN LEE MATKOSKEY, | ) | Case No. 3:19-cv-66 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SOMERSET COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On December 13, 2019, certain of the Defendants in this action (the "AOPC-represented Defendants") filed a Motion to Dismiss Plaintiff Darin Lee Matkoskey's Amended Complaint. (ECF No. 23).[1] The AOPC-represented Defendants include the following individuals and entity: (1) the Honorable Douglas W. Herman, (2) the Honorable John M. Cascio, (3) Jeannie L. Blough, (4) Nathen E. Pahel (in his official capacity only), (5) Richard W. Wagner (in his official capacity only), (6) Molly M. Meekins (in her official capacity only), (7) Jennifer L. Dively (in her official capacity only), and (8) Somerset County DRS. (*Id.* at 1).

---

[1] As the Magistrate Judge noted in his Memorandum Order, (ECF No. 27), under *Burton v. Schamp*, 25 F.4th 198, 212 (3d Cir. 2022), in cases where the "consent requirement of Section 636(c)(1) is not met, the appropriate procedure under Section 636(b)(1)(C) is for the Magistrate Judge to issue a report and recommendation to the District Court, which is vested with the authority to dismiss the parties and enter final judgment in the matter." Here, the AOPC-represented Defendants have not consented to the Magistrate Judge's jurisdiction. (*See* ECF Nos. 8, 16, 27). Therefore, this Court must determine whether to dismiss Matkoskey's claims against those Defendants.

1

On February 8, 2022, the Magistrate Judge issued a Report and Recommendation, recommending, as is relevant here, that all of Matkoskey's claims against the AOPC-represented Defendants be dismissed without leave to amend. (ECF No. 28 at 7). The Magistrate Judge made reference to the AOPC-represented Defendants' Motion to Dismiss, (ECF No. 23), and the Court notes that he applied the standard set forth in Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28 at 1). Accordingly, the Court understands the Magistrate Judge to have recommended that the Court grant the AOPC-represented Defendants' Motion (ECF No. 23) and dismiss Matkoskey's claims against those Defendants with prejudice.

The Magistrate Judge notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days to file written objections to the dismissal of the AOPC-represented Defendants. (ECF No. 27). Mr. Matkoskey timely filed objections on February 24, 2022. (ECF No. 29). I have reviewed Mr. Matkoskey's objections and find them meritless.

The Court does note Mr. Matkoskey's contention that the Magistrate Judge "has had business dealings with many of the Defendants and may have a conflict of interest in hearing or even making recommendations regarding this matter" and Mr. Matkoskey's request "that [the Magistrate Judge] recuse himself[.]" (*Id.* at 4–5). It is not this court's role to respond to Mr. Matkoskey's recusal request—that request is for the Magistrate Judge. *Lopez v. CSX Transp., Inc.*, No. 3:14-CV-257, 2021 WL 3682905, at *3 (W.D. Pa. Aug. 19, 2021) (noting that the judge presiding over a case is in the best position to act on a recusal motion); 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States *shall disqualify himself* in any proceeding in which his impartiality might reasonably be questioned.") (emphasis added). However, the Court does stress that in "the absence of proof that a person would reasonably question the judge's

2

impartiality, a judge has an affirmative duty *not* to recuse himself." *Id.* (internal quotation marks and citations omitted) (emphasis added). Moreover, because a "judge is presumed to be impartial, the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (internal quotation marks and citations omitted). Assuming that Mr. Matkoskey continues to advance his recusal request before the Magistrate Judge, he would do well to offer more than the unexplained and wholly unsubstantiated assertion that the Magistrate Judge "has had business dealings with many of the Defendants."

Therefore, upon *de novo* review of the record in this matter, the Report and Recommendation, and Mr. Matkoskey's Objections, the following order is entered:

AND NOW, this 31st day of March, 2022, **IT IS HEREBY ORDERED** that the AOPC-represented Defendants, (1) the Honorable Douglas W. Herman, (2) the Honorable John M. Cascio, (3) Jeannie L. Blough, (4) Nathen E. Pahel (in his official capacity only), (5) Richard W. Wagner (in his official capacity only), (6) Molly M. Meekins (in her official capacity only), (7) Jennifer L. Dively (in her official capacity only), and (8) Somerset County DRS's Motion to Dismiss (ECF No. 23) is **GRANTED**. Matkoskey's claims against the AOPC-represented Defendants are **DISMISSED WITH PREJUDICE**. The Court will not permit Matkoskey leave to amend his Complaint with respect to the AOPC-represented Defendants because the Court finds that any such amendment would be futile. *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). In reaching this conclusion, the Court notes that Mr. Matkoskey has already filed two Complaints in this matter. (ECF Nos. 7, 20).

**IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation (ECF No. 28) as the opinion of this Court.

IT IS FURTHER ORDERED that the clerk shall terminate the AOPC-represented Defendants from this action.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Notice to by U.S. Mail to:

**Darin Lee Matkoskey**
P.O. Box 32
Acosta, PA 15520